Roy H. Berg and Freda Berg v. Commissioner.
Berg v. Commissioner
Docket No. 41222.
United States Tax Court
T.C. Memo 1954-2; 1954 Tax Ct. Memo LEXIS 244; 13 T.C.M. (CCH) 351; T.C.M. (RIA) 54108; April 8, 1954, Filed *244 W. R. Mockridge, Esq., Observer Building, DeWitt, Ia., for the petitioners. George E. Van Rockel, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: Respondent determined the following deficiencies in income tax and negligence penalties: Year
Deficiency
Penalty
1948
$2,103.70
$105.19
1949
677.30
33.87
Respondent now has stipulated there is no deficiency in tax or negligence penalty for 1948. Petitioners' taxable income for 1949 was determined by use of bank deposits and other available information. In so doing, respondent considered the following amounts to represent cash payments, as distinguished from payments by check, and increased taxable income by these amounts: Farm expenses
$1,001.10
Fences
300.00
Building improvements
500.00
Living expenses
2,000.00
Petitioners allege these increases to be in error. Petitioners also allege that the cost of goods sold in 1949 should be increased from $6,797.30, as reported, to $7,309.25 and that the gain on certain sales of hogs or sows reported as ordinary income should be treated as capital gains pursuant to section 117(j) of the Internal Revenue Code *245 . Findings of Fact The stipulated facts are so found and the stipulation is incorporated herein by reference. Petitioners are husband and wife residing on Rural Route No. 1, Preston, Iowa. Their tax returns for 1948 and 1949 were filed with the collector of internal revenue at Des Moines, Iowa. During the taxable years petitioners engaged in farming operations on approximately 240 acres. They raised various grains, chickens, hogs and cattle and sold cream and eggs. Petitioners did not keep books and records adequate to disclose their income for 1949. Respondent determined their taxable income for that year by the use of bank deposits and records and other available information. In his determination respondent allowed the following deductions: $1,487.65 for labor, of which $1,170.73 is substantiated by checks; $843.95 for feed, of which $786.25 is substantiated by checks; $1,665.05 for interest, of which about $1,368.63 is substantiated by checks; and $81.20 for veterinary fees and medicine for livestock, of which $18.50 is substantiated by checks. Respondent computed the amount of checks expended for capital expenditures, note payments, and cost of livestock and personal *246 living expense payments, and subtracted the amount from total checks written in 1949 to arrive at farm expenses written by check, which amount was $7,327.77. The difference between farm expenses claimed on the return in the amount of $8,328.87 and $7,327.77, or $1,001.10 was treated by respondent as farm expenses paid by cash. In this computation, personal living expenses paid by check amounted to $895.32, of which $726.91 represented expenditures for insurance. Petitioners did considerable fencing on their farm in 1949. All fence improvements made during the year were fully capitalized on their income tax return. They were paid for by check. They did not expend any amounts for fencing in 1949 in addition to the amount capitalized. Respondent added to petitioners' taxable income for 1949 the sum of $500 representing cash payments paid by petitioners for building improvements. The cash expenditure actually made in 1949 for such improvements totaled $278.76. Petitioners' standard of living was frugal in the year 1949. Freda testified she spent between $8 and $10 per week for food. In addition flour and sugar purchases were made. They used some of the eggs laid on the farm and chickens *247 raised there, for food, and spent undisclosed amounts of their cream receipts for living expenses. Very moderate amounts were spent for clothing. Respondent added $2,000 to petitioners' taxable income for living expenses. Not more than $1,200 was expended by petitioners in 1949 for living expenses. During 1947, 1948, and 1949 petitioners purchased cattle costing $7,309.25. These cattle were sold in 1949 for $10,171.69. Their cost was mistakenly reported on the 1949 return as $6,797.30. The correct cost is $7,309.25. On their 1949 return, petitioners reported a gain of $9,374.77 from the sale of hogs having a gross sales price of $9,651.92 and a cost basis of $277.15. In their amended petition petitioners amended the prayer of their petition by asking the Court to find that respondent erred by refusing to allow sale of breeding animals as section 117(j) items. Opinion The issues in this proceeding are all factual and the petitioners have the burden of proof. We do not believe any purpose would be served by discussion of the evidence presented on most of the issues and content ourselves with the following observations. On the farm expense issue little evidence was produced. *248 Petitioners argue that respondent should have taken into account several non-cash deductions which were included in the $8,328.87 farm expense deductions claimed on the return. Our study of the entire record, however, leaves us unconvinced that respondent was in error on this item, and we sustain his action. The evidence on the fence issue is convincing that petitioners expended no more for fencing than the amount they paid for by check and capitalized. We hold the $300 set up by respondent as cash expenditures for fencing should be eliminated in recomputing petitioners' income for 1949. With reference to the building improvements the record is confusing, but using our best judgment and giving effect to petitioners' concession on brief, we have found the proper amount to be $278.76 instead of the $500 figure used by respondent. The testimony of petitioners and our observation of them on the stand constrains us to believe they were frugal livers. They lived on their own farm and used some of their own produce in every day living. It was not necessary for them to make large cash expenditures for that purpose. We think $1,200 to be a reasonable figure for such expenditures. On *249 the increased cost of cattle claimed by petitioners we are of the opinion that the evidence presented sustains their claim. The increase in cost of cattle to $7,309.25 is allowed. The evidence with respect to the section 117(j) claim is so inconclusive that we have no other alternative than to deny petitioners' claim on the basis that they have not met their burden of proof. We do not understand that petitioners contest the imposition of the negligence penalty in the event a computation under Rule 50 in accordance with our findings and opinion herein results in a deficiency. Whether or not the penalty is to be imposed and its amount must await the computation. Decision will be entered under Rule 50.